UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. FIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV832 TIA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reverse and Remand [Doc. #11]. The suit involves an application for Disability Insurance Benefits under Title II of the Social Security Act. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### Procedural History

On August 4, 2006 Plaintiff filed an Application for Disability Insurance Benefits. (Tr. 98-103) The application was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 65-70) After a July 23, 2008 hearing, the ALJ issued a Decision on August 19, 2008, finding that Plaintiff was not disabled. (Tr. 11-64) On March 16, 2010, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-3) Thus, the ALJ's decision is the final decision of the Commissioner.

### Discussion

On May 6, 2010, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer on July 9, 2010. On October 12, 2010, Defendant filed a Motion to Reverse and Remand pursuant to sentence four of 42 U.S.C. § 405(g). In the

Motion, Defendant asserts that, after careful review of the case, agency counsel requested that the Social Security Administration Appeals Council reconsider the Commissioner's decision. Upon reconsideration, the Appeals Council determined that remand was appropriate for further consideration of Plaintiff's claim and a new decision. In addition, Defendant avers that upon receipt of the Court's remand order, the Appeals Council will remand the case to the ALJ with instructions to obtain medical expert evidence regarding Plaintiff's residual functional capacity ("RFC"), instead of relying on a determination completed by a Single Decision Maker. The ALJ will also be directed to reopen Plaintiff's subsequent application and consolidate the cases for consideration of the entire record.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and Plaintiff has voiced no objection to the motion.

The undersigned has reviewed the record in light of Defendant's assertions in his motion to remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that the ALJ relied solely on the RFC assessment by a consultant with the State Disability Determinations. (Tr. 63) The record indicates that the consultant is likely not a medical consultant and does not have the credentials to formulate Plaintiff's RFC.

Residual Functional Capacity (RFC) is a medical question, and the ALJ's assessment must be supported by substantial evidence. Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001) (citations omitted). Indeed, Social Security Ruling cited by the ALJ in support of his reliance on the State agency findings specifically refers to "medical and psychological consultants." SSR 96-6p. In the instant case, however, "the ALJ inadvertently weighed the opinion of a lay person under the rules appropriate for weighing the opinion of a medical consultant, which would be legal error in applying the ruling." Dewey v. Astrue, 509 F.3d 447, 449 (8th Cir. 2007).

In light of the errors committed by the ALJ, the case should be reversed and remanded for further consideration and a new decision. On remand, ALJ will obtain medical expert evidence regarding Plaintiff's residual functional capacity ("RFC"). The ALJ will also reopen Plaintiff's subsequent application and consolidate the cases for consideration of the entire record. Because Defendant agrees that the case should be remanded, and Plaintiff has raised no objection, the Court will grant Defendant's motion for reversal and remand under sentence four.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand Reverse and Remand [Doc. #11] be **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). A separate Judgment in accordance with this Memorandum

and Order is entered this same date.

**IT IS FURTHER ORDERED** that Defendant's Second Motion for Enlargement of Time [Doc. #10] to file his Brief in Support of the Answer is **DENIED** as **MOOT.**

                                                  /s/ Terry I. Adelman
                                        UNITED STATES MAGISTRATE JUDGE

Dated this  20th  day of October, 2010.